UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SAMUEL NELSON,
    Petitioner

v.

UNITED STATES OF AMERICA,
    Respondent

CRIMINAL NO. L-07-00203
CIVIL NO. L-09-1134

\*\*\*\*\*\*\*

MEMORANDUM

Now pending is pro se petitioner Samuel Nelson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief"). For the reasons set forth below, the Court will, by separate Order of even date, DISMISS Nelson's petition with prejudice.

I.   Background

A one-count indictment charged Samuel Nelson with conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). Docket No. 1. Nelson filed a series of pretrial motions, all of which were dismissed in an Order dated January 8, 2008. Docket No. 57. On January 22, 2008, Nelson pled guilty to conspiracy to distribute 500 grams or more of cocaine, which was a lesser-included offense of Count One of the indictment. Docket No. 60.

Nelson, in his plea agreement, admitted to conspiring with other persons to transport cocaine from Houston, Texas to Baltimore, Maryland and to distribute that cocaine in Baltimore.

Gov't Ex. 2, 7. Nelson admitted to meeting with his Houston suppliers at hotels and other locations to acquire powder cocaine. Id. Nelson also admitted that the amounts he purchased were large enough to constitute quantities of cocaine that would be intended for resale to other persons. Id. The plea agreement provided for a stipulated sentence of sixty months imprisonment. Id. 4. The Court accepted the plea agreement and, on April 29, 2008, sentenced Nelson accordingly. Docket No. 70.

In his plea agreement, Nelson waived the right to appeal his conviction or sentence. Gov't Ex. 2, 5. Accordingly, Nelson did not file an appeal. Nevertheless, on May 1, 2009, Nelson filed the instant Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255.[1]

## II.   Analysis

Nelson has procedurally defaulted his claims because he did not take an appeal. Thus, to collaterally attack his sentence, Nelson must show both cause for and actual prejudice from the default, see Murray v. Carrier, 477 U.S. 478 (1986), or that he is actually innocent, see Smith v. Murray, 477 U.S. 527, 537 (1986).

### A.   Cause and Prejudice

To bring his procedurally defaulted claims in habeas, Nelson must establish that the cause of his procedural default turns on something external to the defense, such as the novelty of his claims or ineffective assistance of counsel. United States v. Mikalajunas, 186 F.3d 490, 429 (4th

---

[1] Nelson claims that he is entitled to relief because (1) the indictment was duplicitous in violation of the Double Jeopardy clause of the Fifth Amendment; (2) the indictment was improperly vague; (3) there was insufficient evidence to sustain the conviction; (4) the plea agreement constructively amended the indictment; (5) he is actually innocent of the crimes charged; and (6) the Court denied Nelson his Sixth Amendment right to a fair trial.
   Nelson's claim that these alleged defects are jurisdictional is without merit. Because the Indictment charged an offense in violation of federal law, the Court had jurisdiction. See 18 U.S.C. § 3231.

Cir. 1999). Nelson does not assert that cause for his procedural default was due to ineffective assistance of counsel. Likewise, his claims are not novel.

A novel claim is a claim whose "legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). The legal bases for Nelson's claims are reasonably available because defendants regularly assert similar claims on direct review. See, e.g., United States v. Mastrapa, 509 F.3d 652 (4th Cir. 2007) (vacating entry of guilty plea on direct appeal where there was no factual basis to support an element of the offense); United States v. Smith, 441 F.3d 254 (4th Cir. 2006) (holding that indictment was not unconstitutionally vague); United States v. Randall, 171 F.3d 195 (4th Cir. 1999) (vacating conviction on appeal because jury instructions constructively amended indictment). Thus, Nelson is unable to establish cause for his procedural default.

### B. Actual Innocence

To establish his actual innocence, Nelson must demonstrate that " 'in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). Because Nelson made a sworn admission of guilt during the plea proceeding, he must bear a particularly heavy burden. See United States v. Ubakanma, 215 F.3d 421, 424-25 (4th Cir. 2000) (finding that, in context of motion to withdraw guilty plea, defendant could not credibly assert his legal innocence because he had pled guilty); United States v. Abdelhadi, 327 F. Supp. 2d 587, 596 (E.D. Va. 2004) ("Even in the face of some evidentiary support, however, a defendant cannot credibly assert his innocence when he clearly admitted his guilt during the plea colloquy,

particularly when the government, as here, also proffers substantial evidence of the defendant's guilt.").

Nelson does not present any evidence that contradicts his guilty plea.[2] His argument that the government would not have had any credible or admissible evidence had the case gone to trial is unavailing. The government, in its pleadings, proffers that the evidence at trial would have included testimony from at least three cooperating witnesses that Nelson bought cocaine from Houston suppliers, forensic evidence that Nelson used his van to transport the cocaine attributed to him by the cooperating witnesses, and phone records detailing Nelson's contact with the suppliers. Gov't Resp. 18-19. This evidence is more than sufficient to sustain a finding of guilt. See United States v. Patterson, 150 F.3d 382, 386 (4th Cir. 1998) ("This Circuit has held that the testimony of a co-conspirator standing alone and uncorroborated is sufficient to sustain a conviction.").

Nelson's argument that he is innocent because the government unlawfully gave remuneration to cooperating witnesses is also without merit. Nelson alleges that the witnesses received remuneration because the government dismissed charges against them, reduced their sentences, or caused sentences to run concurrently. Pet. 22. It is well-settled that the government may reward cooperating witnesses by recommending that their sentences be reduced. See United States v. Reed, 19 F. Supp. 2d 534, 538 (E.D. Va. 1998) (noting that "the right on the part of the prosecutor to make promises of leniency in exchange for testimony is as old as the institution of the criminal trial").

Accordingly, Nelson cannot meet his burden to establish that he is actually innocent.

---

[2] Nelson's argument that he was unlikely to become involved in a narcotics conspiracy because he is educated and has a good work history is unavailing, particularly in light of his sworn admission of guilt.

4

## III. Conclusion

Nelson's petition must be dismissed because he has procedurally defaulted his claims. Accordingly, the Court will, by separate Order of even date, DISMISS Nelson's petition with prejduce. The Clerk is DIRECTED to CLOSE the case.

Should Nelson choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny certification, Nelson may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

It is so ORDERED this 13TH day of November, 2009.

Benson Everett Legg
Chief Judge
United States District Court